| | |
|---|---|
| Charles L. Kennon, NV Bar No. 7772<br>McCalla Raymer Leibert Pierce, LLP<br>1635 Village Center Circle, Suite 130<br>Las Vegas, Nevada 89134<br>Telephone: 725-253-2312<br>Charles.Kennon@mccalla.com<br> Attorney for Movant | Electronically filed on   08/13/2025           |

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA, LAS VEGAS DIVISION

| | |
|---|---|
| In re:<br><br>ANDRES CORTES, Debor | Case No. 25-12083-mkn<br><br>Chapter 13<br><br>***AMENDED* MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**<br><br><u>Hearing</u>:<br>Date:  September 10, 2025<br>Time: 1:30 p.m. |

**TO THE HONORABLE MIKE K. NAKAGAWA, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

COMES NOW Movant Royal Pacific Funding Corporation ("Movant"), by and through its Counsel MCCALLA RAYMER LEIBERT PIERCE, LLP and submits this Memorandum of Points & Authorities in support of its Motion for Relief from the Automatic Stay and Co-Debtor stay (the "Motion") in the above-captioned matter.

///

///

///

## I. INTRODUCTORY STATEMENT

Movant hereby moves this Court for an Order granting relief from the automatic stay because Movant's interest is not adequately protected as DEBTOR has failed to make post-petition payments.

## II. STATEMENT OF FACTS

1. **Case history:** ANDRES CORTES ("Debtor") filed the instant Chapter 13 voluntary bankruptcy petition on April 10, 2025 as bankruptcy case number 25-12083-mkn.

2. **The Property at issue:** The address of the real property that is the subject of this motion is 4064 Browndeer Circle, Las Vegas, Nevada 89129 (the "Property").

3. **Nature of DEBTOR'S and Movant's interest in the Property:** On or about August 11, 2022, ANDRES CORTES (the "Debtor") and Libia Gallego (the "Co-Debtor") made and delivered a Note in the original principal amount of $418,579.00, secured in the Property by the Deed of Trust executed by Debtor and Co-Debtor. Said Deet of Trust was recorded on or about August 12, 2022 in the official records of Clark County, Nevada. Debtor and Co-Debtor are the owners of record of the Property. True and correct copies of the Promissory Note and recorded Deed of Trust are attached as Exhibit 1 and Exhibit 2, respectively. A true and correct copies of the Assignment of Deed of Trust recorded on January 27, 2025 in the official records of Clark County, Nevada and transferring the beneficial interest under the Note and Deed of Trust to Movant are attached as Exhibit 3. Movant is an entity entitled to enforce the obligation herein.

4. **Amount of Movant's Claim with respect to the Property:**

| | |
|---|---:|
| Principal: | $407,980.30 |
| Accrued interest: | $24,694.18 |
| Escrow Advance: | $7,179.80 |
| PRO RATA MIP/PMI: | $529.54 |
| Late Charges | $379.84 |
| Fees: | $282.00 |
| Recoverable Balance: | $3,801.20 |
| TOTAL Claim as of: 08/07/2025 | $444,846.86 |

5. **Arrearages under the Agreement:** The current monthly payment amount is $2,932.04. The Debtor is post-petition due for the May 1, 2025 payment; 4 payments have come due and were not made. The Debtor is post-petition delinquent in the amount of $11,728.16 which includes a suspense balance of $0.00. Debtor's Chapter 13 Amended Plan (Doc. No. 27) provides for the surrender of the real property.

6. **Post-petition delinquency:** DEBTOR and CO-DEBTOR are post-petition due for the May 1, 2025 payment. The amount of post-petition payments due but remaining unpaid since the filing of the case is as follows:

| | |
|---|---|
| 4 regular payments at $2,932.04 each: | $11,728.16 |
| Suspense balance: | ($0.00) |
| Total post-petition delinquency: | $11,728.16 |

A true and correct copy of the post-petition payment history that accurately reflects the dates and amounts of all payments made by the DEBTOR and CO-DEBTOR since the petition date is attached as Exhibit 4.

### III. GROUNDS FOR RELIEF FROM STAY

1. **Pursuant to 11 U.S.C. § 362(d)(1), Movant's interest is not adequately protected as DEBTOR has failed to make post-petition payments:** The evidence establishes that Debtor and Co-Debtor have failed to make post-petition payments to Movant. Therefore, Movant's interest in the Property is not adequately protected and it would be unfair and inequitable to delay Movant from enforcing its remedies to repossess and sell the Property. Movant has satisfied its grounds for relief from stay under 11 U.S.C. § 362(d)(1).

2. **Pursuant to 11 U.S.C. § 1301(c)(3), Secured Creditor's interest would be irreparably harmed by the continuation of the stay:** The Debtor and Co-Debtor have failed to make post-petition payments to Movant. Therefore, Movant's interest in the Property is not adequately protected. Movant was previously granted relief from the automatic stay as to the Debtor and her estate. However, Secured Creditor continues to endure harm as no payments are being made because, without relief from the Co-Debtor stay, Secured Creditor cannot lawfully exercise its state right law to repossession and sale.

///

## IV. CONCLUSION

Based upon the foregoing grounds and the evidence set forth, Movant respectfully request that the Court grant the Motion for Relief from the Automatic Stay as to the Debtor and the Co-Debtor to allow Movant to proceed under applicable non-bankruptcy law to enforce its remedies against the Property, and further, that the Court order that the Order for Relief be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and further, that its Order shall take effect immediately, and that 14-day stay described by Bankruptcy Rule 4001(a)(4) is waived.

Dated: 08/13/2025

Respectfully Submitted,
McCalla Raymer Leibert Pierce, LLP

By:   /s/Charles L. Kennon
Charles L. Kennon
Attorney for Movant